IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

LARRY ALLEN POWELL,

    Petitioner,

v.

DONALD HOLBROOK,

    Respondent.

NO: 2:14-CV-0377-SMJ

**ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING PETITION AS UNTIMELY AND DENYING PENDING MOTIONS**

Before the Court is Petitioner's Objection, ECF No. 9, to the Report and Recommendation to dismiss his petition as untimely under 28 U.S.C. § 2244(d), ECF No. 8. Petitioner, a prisoner at the Washington State Penitentiary, is proceeding *pro se* and has paid the filing fee; Respondent has not been served.

Petitioner contends that when he filed his Personal Restraint Petition on January 30, 2014, he still had 6 days in which to file a collateral attack in State Court. Petitioner presents no facts showing that the Magistrate Judge's calculation that the federal limitations period under 28 U.S.C. § 2244(d)(1)(A), commenced on January 17, 2013, was in error.

ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING PETITION AS UNTIMELY AND DENYING PENDING MOTIONS -- 1

Once again, "it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review." *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001). Petitioner's reliance on the mandate issued on February 6, 2013, which granted him one year to file a collateral attack in state court, did not also delay the commencement of the federal limitations period.

The Court of Appeals of the State of Washington, Division III, affirmed Mr. Powell's convictions and sentence on December 18, 2012. He did not seek further appellate review to the Washington State Supreme Court within the allotted thirty day time frame. See RAP 13.4(a), Washington Rules of Appellate Procedure. Petitioner presented no statutory basis to delay the onset of the federal limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). Therefore, the federal limitations period commenced on January 17, 2013, and expired on January 17, 2014. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Again, although the federal limitations period is tolled during the period in which a properly filed application for state post-conviction relief is pending, 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999), Petitioner did not file a Personal Restraint Petition until January 30, 2014, which was nearly two weeks after the federal limitations period had already expired. "[S]ection

ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING PETITION AS UNTIMELY AND DENYING PENDING MOTIONS -- 2

2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Accordingly, **IT HEREBY IS ORDERD:**

1. The Report and Recommendation, **ECF No. 8**, is **ADOPTED in its entirety**.

2. The Petition, signed on November 14, 2014, **ECF No. 3**, is **DISMISSED with prejudice** as untimely under 28 U.S.C. § 2244(d).

3. All pending motions are **DENIED** as moot.

**IT IS SO ORDERED**. The District Court Executive shall enter this Order, enter judgment, forward a copy to Petitioner and close the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**DATED** this 29th day of April 2015.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2014\Powell v. Holbrook-0377\prisoner14cv377jph-4-13-ADPrrdisSOLhc.lc1.docx

ORDER ADOPTING REPORT AND RECOMMENDATION, DISMISSING PETITION AS UNTIMELY AND DENYING PENDING MOTIONS -- 3